```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

HERCULES LLC and BLAZER
PROPERTIES LLC,

          Plaintiffs,

v.                             Case No:  2:22-cv-230-JES-NPM

GREEN THUMB FARM TRUST,
ESTATE OF BETSY LYNN
CALLAWAY, and NOEL D.
CLARK, JR.,

          Defendants.
_____
```

## OPINION AND ORDER

This matter comes before the Court on review of defendant Noel D. Clark Jr.'s Motion to Dismiss (Doc. #20) filed on June 28, 2022. Plaintiffs filed a Memorandum of Law in Opposition (Doc. #21) on July 12, 2022.

Defendant Noel D. Clark Jr. (Clark) argues that service of process is insufficient because attorney Steven M. Lucks is an interested party, and the Court lacks jurisdiction over Clark. Clark also argues that a Complaint against a "Trust and an Estate" is improper, and that counsel are committing intentional fraud on the Court and that Rule 11 sanctions are appropriate.

**1. Service of Process**

Defendant Clark argues that Steven Lucks is "the Tortfester" against Hercules LLC and Blazer Properties LLC and has an interest in the outcome of the lawsuit. Clark argues that service made on him while at the courthouse after telling the Magistrate Judge that he would be filing a motion is void.

Under the Federal Rules, service of process may be accomplished by any adult who is not a party to the case. Fed. R. Civ. P. 4(c)(2).

> an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The Summons in a Civil Action (Doc. #8) was issued as to defendant Clark with an answer or motion to be served on Mark Barber, local counsel for plaintiffs. The Proof of Service

2

(Doc. #16) reflects that service of the summons was done personally at the courthouse by Steven M. Lucks on June 7, 2022, at a Preliminary Pretrial Conference held in the related matter, Clark v. Hercules, Inc., et al., 2:22-cv-229-SPC-KCD, in which Steven Lucks is named as a defendant.[1]  Steven Lucks is a New Jersey attorney who was admitted specially in this case to appear on behalf of plaintiffs, but he is not a party in this case.  (Doc. #14.)

> It may be that allowing for service of a summons and complaint by a party's attorney is inappropriate or undesirable in certain respects. In the absence of any authority supporting defendant's position, however, this Court declines to read limitations onto the clear wording of Fed. R. Civ. P. 4(c)(2)(A), and finds that a party's attorney may serve a summons and complaint in accordance with the Federal Rules.

Jugolinija v. Blue Heaven Mills, Inc., 115 F.R.D. 13, 15 (S.D. Ga. 1986).  Attorney Luck personally served Clark and he is not a party in the case.  The motion to dismiss for insufficiency of process will be denied.

---

[1] Clark has also filed a second suit naming Hercules, attorney Lucks, and attorney Zack Silverman.  See 2:22-cv-261-JLB-NPM.  A Motion to consolidate with 2:22-cv-261 was filed on July 7, 2022 and remains pending.

**2. Lack of Jurisdiction**

Defendant Clark argues that the Court lacks jurisdiction over him based on the insufficient service of process and the failure to state a claim. On the first issue, the Court has determined that service of process was not insufficient and therefore the Court has jurisdiction over Clark. Clark argues that representation by Lucks and Zachary W. Silverman in this case while being participants of their own fraud and conspiracy to keep their co-defendants in the related case quiet under the cloak of attorney-client privilege is improper. Clark argues that Lucks and Silverman are committing bar association, ethics, and professional responsibility violations. Clark also argues that plaintiffs are not creditors of Betsy Callaway's Estate and that the cause of action against a Trust and Estate is legally deficient.[2]

On March 15, 2022, Clark filed an action in state court against several defendants including Lucks and Silverman. Clark alleges fraudulent inducement, conspiracy, and a violation of the Florida Uniform Fraudulent Transfer Act by defendants regarding real property for which Clark signed a deed to Blazer Properties

---

[2] The Court need not address these last two arguments as Clark cannot personally represent the interests of the Estate of Betsy Lynn Callaway or Green Thumb Farm Trust. Neither of these parties has made an appearance in the case.

LLC (Blazer) for $5,000 to avoid paying $20,000 an acre to clean up contaminated waste and after running up $32,855 in attorney fees. On April 11, 2022, defendants removed the case to federal court. See 2:22-cv-229-SPC-MRM.

On April 11, 2022, counsel filed this suit on behalf of Hercules LLC (Hercules) and Blazer seeking specific performance of a Confidential Settlement Agreement and Release entered into to resolve a prior lawsuit, 2:13-cv-794-JES-DNF. Under the terms of the settlement, The Green Thumb Farm Trust was to convey a 40-acre parcel of real property to Blazer and stipulate to dismissal with Hercules in exchange for $134,000 from Hercules.[3]

The fact that counsel is involved in both matters in different capacities does not mean that Hercules and Blazer have failed to state a claim for relief in this matter. Counsel's role as an advocate and defendant in different suits is an issue for their respective Bar Association or a request for sanctions. The request to dismiss for failure to state a claim under Rule 12(b)(6) will be denied.

---

[3] This was after the first conveyance of a twenty-acre parcel that was the focus of a contamination investigation by the Florida Department of Environmental Protection for $375,000. (Doc. #21, p. 3.)

### 3. Sanctions

Defendant Clark argues that Lucks and Silverman filed opposed motions for special admission and certified that Clark had been served, however Clark alleges this is an intentional lie. Defendant further argues that the case is baseless and filed for the improper purpose of harassment and that sanctions should be imposed under Rule 11.  Clark also argues that the suit is barred by claim preclusion because it arises out of the underlying suit subject to the settlement which Clark disputes.  Clark argues that Hercules and Blazer have no standing to file an action against Betsy Callaway's Estate or the Green Thumb Trust.[4]

The fact that service occurred at the courthouse during a hearing in Clark's own case does not invalidate the service in this case.  The Court has rejected Clark's arguments regarding the sufficiency of process.

As to the request for sanctions, the motion must be made separately from any other motion and "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2).  Clark has not complied with

---

[4] As previously stated, Clark cannot advocate on behalf of the other parties who have lodged no formal appearance in the case.

these requirements and the motion may be denied on this basis alone. Alternatively, the Court will consider whether sanctions are appropriate.

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it-- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). As to whether the case is frivolous and/or filed for the purposes of harassment is difficult to determine at this stage of the proceedings. Three lawsuits are now pending regarding the validity of a settlement agreement, two of which were filed by Clark. Until such time as the cases develop, the

Court cannot determine if the claims in this case frivolous or for the purpose of harassment.

Plaintiffs seek expenses, including attorney fees, for having to respond to the request for sanctions. For the same reasons that Clark's motion is being denied, plaintiffs' motion must also be denied. (Doc. #21, p. 15.)

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #20) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of July 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record